UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UTILITY AUDIT GROUP, JOHN L. O'KELLY,
and CHRISTINE O'KELLY,

                          Plaintiffs,

      -against-

CAPITAL ONE, N.A., DESIGNS FOR
FINANCE, INC., POINTE BENEFIT
CONSULTANTS, LLC, MICHAEL SONNENBERG,
and JACK R. BROESAMLE, JR.,

                        Defendants.
----------------------------------------------------------------X

**FILED**
**CLERK**

3/26/2015 5:34 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
14-CV-0097 (SJF)(GRB)

FEUERSTEIN, District Judge:

Pending before the Court are objections by plaintiffs Utility Audit Group ("UAG"), John

L. O'Kelly and Christine O'Kelly (collectively, "plaintiffs") and defendants Designs for Finance,

Inc. ("Designs") and Capital One ("Capital One") to a Report and Recommendation of the

Honorable Gary R. Brown, United States Magistrate Judge, dated February 4, 2015 ("the

Report"), recommending that the motions of Designs and defendant Michael Sonnenberg

("Sonnenberg") seeking dismissal of plaintiff's claims against them in the amended complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the motion of defendant

Capital One, N.A. ("Capital One") for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure, be granted to the extent of dismissing (a) plaintiffs'

state law claims in their entirety as preempted by the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. § 1144(a); (b) all of plaintiffs' claims against Sonnenberg; and (c)

plaintiffs' "breach of contractual obligations under ERISA" claim against Designs and Capital

One, and that the motions otherwise be denied.  For the reasons stated herein, the Report is

accepted in part and rejected in part.


I.	DISCUSSION

	A.	Standard of Review

	Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P.

72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002).

Any portion of a report and recommendation on dispositive matters to which a specific, timely

objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see

Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010).  However, the court is not

required to review the factual findings or legal conclusions of the magistrate judge as to which no

proper objections are interposed.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88

L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in

a magistrate judge's report and recommendation if the party fails to file timely objections

designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a

party's failure to object to any purported error or omission in a magistrate judge's report waives

further judicial review of the point.")

	General objections, or "objections that are merely perfunctory responses argued in an

attempt to engage the district court in a rehashing of the same arguments set forth in the original

papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce

the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips v. Reed Group, Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B.    Objections

  1.    Plaintiffs' Objections

    a.    Claims against Sonnenberg and "Breach of Contractual Obligations under ERISA" claim against Designs and Capital One

Plaintiffs request that in considering their objections to the Report, I consider documents "newly provided to the[m]" by Wiss & Company, LLP ("Wiss")[1], ("Plaintiffs [sic] Rule 72(b) Objections to Magistrate Judge Brown's February 4, 2015 Report and Recommendations" ["Plf. Obj."], ¶ 4), as relevant, *inter alia*, to the issues (1) of Sonnenberg's liability, "both in his own, personal capacity, and/or as the alter ego of the defendant Designs[,]" (id., ¶ 6; see also id., ¶¶ 8, 20, 25-27); and (2) of whether Capital One resigned as Trustee for the Plan in 2007, as it claims to have done, (id., ¶ 9).

Sonnenberg contends, *inter alia*, that plaintiffs' objections should be dismissed because they improperly "attempt to expand the record that was before Magistrate Judge Gary Brown." (Defendant Michael Sonnenberg's Response to Plaintiffs' Objections to the Report and Recommendation of Magistrate Judge Gary R. Brown ["Sonnenberg Response"] at 1). According to Sonnenberg, plaintiffs admittedly received the documents from Wiss ("the Wiss Documents") no later than January 23, 2015, i.e., before Magistrate Judge Brown issued the Report, but "made no attempt to inform the Magistrate Judge of the alleged 'new evidence,' nor *

---

[1]  Plaintiffs contend: (1) that "Wiss is the accounting firm that produced financial compilations for defendants concerning the [Beta Multiple Employer Death Benefit Plan and Trust ("BMET") and/or the Beta Individual Employer Welfare Benefit Plan and Trust ("BIET") (collectively, "the Plan")] en masse on March 27, 2013 for the years 1994-2012," (Plf. Obj., ¶ 5); (2) that "[t]he Wiss reports are not audits; they are merely [financial] compilations[,]" (id.); and (3) that "Wiss specifically disclaimed any representation as to the material accuracy of its reports[,]" (id.).

* * seek a stay of the pending motion to dismiss before the Magistrate, in utter disregard of the Magistrate's undertaking in this dispute, nor * * * seek to amend their complaint for a second time."  (Id. at 7-8).

Similarly, Designs contends that the Wiss Documents "are beyond the scope of the record that was before Magistrate Brown and should not be considered by this Court in its review of the Objections."  (Defendants Designs for Finance, Inc.'s Response to Plaintiffs' Objections to the Report and Recommendation ["Design Response"] at 1, 2).  Designs further contends, *inter alia*, that since the Wiss Documents "were neither referenced by plaintiffs in the Amended Complaint, nor integral to the claims alleged by plaintiffs[,] * * * [they are] outside the scope of consideration on a motion to dismiss."  (Id. at 2).

Although, upon *de novo* review of a report and recommendation, the district court has "discretion to consider evidence that had not been submitted to the magistrate judge," Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998); see also 28 U.S.C. § 636(b)(1) ("The judge *may * * * receive further evidence" upon *de novo* review of a report and recommendation (emphasis added)); Fed. R. Civ. P. 72(b)(3) (accord), it also has discretion to "refus[e] to allow supplementation of the record upon [its] *de novo* review."  Hynes, 143 F.3d at 656. "Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the magistrate judge's consideration." Id.  "[A]bsent a most compelling reason, the submission of new evidence in conjunction with objections to the report and recommendations should not be permitted." Housing Works v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005); see also Berbick v. Precinct 42, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013).  In the well-reasoned words of Judge Kaplan:

"While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting such piecemeal presentation of evidence is exceptionally wasteful of the time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's considered view of the entire record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing. Finally, the routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers."

Morris v. Amalgamated Lithographers of Am., Local One, 994 F. Supp. 161, 163 (S.D.N.Y. 1998). The first two (2) justifications are particularly compelling in this case.

According to plaintiffs, the Wiss Documents "were first produced [to them] by Wiss, pursuant to subpoena, between November, 2014-January, 2015." (Plf. Response, ¶ 3). Thus, although the Wiss Documents may not have been available to plaintiffs when they initially served their opposition to defendants' motions, they had ample opportunity, i.e., from as early as November 2014 until Magistrate Judge Brown issued the Report on February 4, 2015, to bring the Wiss Documents to his attention and to request, *inter alia*: (1) that he review the Wiss Documents upon his consideration of the motions, treat the motions as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and allow the parties to file supplemental materials addressing the Wiss Documents on the motions, see Fed. R. Civ. P. 12(d); (2) that he deny the motions and grant them leave to file a second amended complaint incorporating the Wiss Documents, see Fed. R. Civ. P. 15(a)(2); or (3) that he defer consideration of the motions, or deny them, and allow the party's additional time to address the Wiss

Documents, either by way of filing supplemental materials on the motions or renewing the

motions, see Fed. R. Civ. P. 56(d)[2].  Plaintiffs pursued no relief at all from the Magistrate Judge

upon discovering the Wiss Documents as early as November 2014.  Since plaintiffs "did not

move to provide the evidence * * * when it would have mattered, *i.e.*, before the magistrate judge

who was deciding the issue[,] [i]t is now too late to do so."  Koumoulis v. Indep. Fin. Mktg. Grp.,

Inc., 29 F. Supp. 3d 142, 153 (E.D.N.Y. 2014).  Accordingly, I decline to consider the Wiss

Documents, or plaintiffs' arguments in reliance upon the Wiss Documents, upon my review of

the Report.


i.  Claims against Sonnenberg

Plaintiffs do not assign any specific error to so much of the Report as recommends

dismissing their claim against Sonnenberg in their entirety and request only that I review the

Report "with reference to the newly provided Wiss [D]ocuments and, on the basis of those

documents, and * * * the[ir] additional arguments * * *, revisit and reverse [Magistrate Brown's]

recommendation to dismiss [their] claims against [] Sonnenberg."  (Plf. Obj. ¶ 36; see also id., ¶

42).  Since, as set forth above, I decline to consider the Wiss Documents, and the additional

arguments based thereon, upon reviewing the Report, and plaintiffs fail to make any specific,

timely objection to this branch of the Report, I review so much of the Report as recommends

dismissing plaintiffs' claims against Sonnenberg in their entirety only for clear error.  There being

---

[2]  Indeed, as early as November 2014, when Wiss purportedly first started providing the Wiss Documents to plaintiffs in accordance with their subpoena, plaintiffs could have filed an affidavit or declaration indicating that they could not "present facts essential to justify [their] opposition" to Capital One's motion and sought appropriate relief from the Magistrate Judge in accordance with Rule 56(d) of the Federal Rules of Civil Procedure, but failed to do so.

no clear error on the face of the Report with respect to Magistrate Judge Brown's recommendation that I grant Sonnenberg's motion to dismiss plaintiffs' claims against him in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that branch of the Report is accepted in its entirety. For the reasons set forth in the Report, Sonnenberg's motion to dismiss plaintiffs' claims against him in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiffs' claims against Sonnenberg in the amended complaint are dismissed in their entirety with prejudice for failure to state a claim for relief.

        ii.     Claim for "Breach of Contractual Obligations under ERISA" against Designs and Capital One

With respect to their "breach of contractual obligations under ERISA" claim against Designs and Capital One, plaintiffs contend, *inter alia*: (1) that "[t]he motions to dismiss or for judgment on the pleadings should * * * be denied with respect to Designs and Capital One[,] * * * as there is sufficient evidence of breach of fiduciary duties, and/or breach of contract, and/or liability for the breaches by co-fiduciaries, to maintain those defendants in the case[,]" (Plf. Obj., ¶ 42); and (2) that Magistrate Judge Brown "overlooked" the "numerous and specific" allegations against Designs and Capital One in the complaint that "more than satisfy[] the pleading requirements[,]" (id., ¶¶ 70-71).

Designs contends, *inter alia*: (1) that since plaintiffs' objections "are overly general, conclusory, or simply reiterations of their prior arguments, the Court should limit its review of the recommendations of the Report to which plaintiffs have objected only for clear error[,]" (Designs Response at 3, 4); and (2) that the basis for plaintiffs' objections "are meritless," (id. at

1), because "Magistrate Brown clearly considered the entirety of the Amended Complaint when rendering the Report." (Id. at 4).

Initially, plaintiffs' contention that Magistrate Judge Brown "overlooked" certain allegations in their amended complaint is without merit given that the Report specifically cites to many of those purportedly "overlooked" allegations, (see Report at 2-4), including the very paragraph plaintiffs assert contains "[a] summary of many, but not all of the [contractual] breaches alleged," (Plf. Obj., ¶ 71). (See Report at 3). As plaintiffs fail to make any other specific, timely objection to so much of the Report as recommends that I grant the branches of Designs's and Capital One's motions seeking dismissal of plaintiffs' "breach of contractual obligations under ERISA claim," I review that part of the Report only for clear error. There being no clear error on the face of that branch of the Report, and given, *inter alia*, plaintiffs' failure to identify any specific "contractual obligation under ERISA" purportedly violated by Designs and Capital One in the amended complaint, or even in their objections[3], that part of the Report is

---

[3] Plaintiffs contend that the amended complaint asserts the following "specific breaches of contract against the defendants[:] * * * breaches in the areas of the over billing [sic] of the Plan, the improper amendments of the Plan, the improper termination of the Plan, the failure to have conducted an audit/accounting of the Plan and others[,]" (Plf. Obj., ¶ 71). However, plaintiffs do not indicate, *inter alia*, any specific substantive provision of ERISA purportedly violated by Designs and Capital One with respect to such conduct that is separate from their fiduciary responsibilities under Part 4 of ERISA, 29 U.S.C. §§ 1101-1114. Cf. Sasso v. Cervoni, 985 F.2d 49, 51 (2d Cir. 1993) (recognizing that an employer does not have a fiduciary obligation to make trust fund contributions, but may be liable for "breach[ing] its contractual obligations [to make such contributions] and thereby violat[ing] ERISA requirements."); Trustees of Empire State Carpenters, Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Fund v. Tri-State Acoustics Corp., No. 13-cv-5558, 2014 WL 4537481, at * 4 (E.D.N.Y. Sept. 11, 2014) (finding that the plaintiff sufficiently alleged a claim that the defendant-employer breached its contractual obligations under ERISA in violation of 29 U.S.C. § 1145 by failing to make contributions under the terms of a plan or collective bargaining agreement). To the extent plaintiffs rely solely upon the contractual provisions in the Plan itself as imposing a duty upon Designs and/or Capital One with respect to such conduct, they merely state a breach of contract

accepted in its entirety. For the reasons set forth in the Report, the branches of Designs's and

Capital One's motions seeking dismissal of plaintiffs' "breach of contractual obligations under

ERISA" claims against them in the amended complaint pursuant to Rules 12(b)(6) and 12(c),

respectively, of the Federal Rules of Civil Procedure are granted and plaintiffs' "breach of

contractual obligations under ERISA" claims against Designs and Capital One in the amended

complaint are dismissed in their entirety with prejudice for failure to state a claim for relief.


b. State Law Claims

Plaintiffs contend, *inter alia*, that Magistrate Judge Brown erred in recommending that

their state law claims be dismissed as preempted by ERISA because: (1) the BMET (a) was a

non-ERISA Plan within the meaning of Section 419A(f)(6)(A) of the Internal Revenue Code

("IRC") and, thus, is not subject to preemption, (Plf. Obj., ¶¶ 44-47), and (b) "was marketed by

the defendants as a non-ERISA Plan so they should be estopped from requesting dismissal on the

basis of preemption under ERISA[,]" (id., ¶ 44; see also id., ¶¶ 45-50); and (2) "state law and

ERIS[A] claims may proceed side by side * * *, so long as the state law claim doesn't conflict

with ERISA[,]" (id.; see also id., ¶¶ 52, 57). Plaintiffs further contend that "the analysis of the

preemption argument should be conducted with the BMET in mind, not the BIET[,] * * * as

[they] only adopted the BMET, not the BIET." (Id., ¶58).

Sonnenberg and Designs both contend that plaintiffs' objections are without merit

because, *inter alia*, the tax code, IRC regulations and/or tax treatment of a plan do not determine

---

claim under state law which, for the reasons set forth herein and in the Report, is preempted by
ERISA.

its ERISA status.  (See Sonnenberg Response at 2, 11; Designs Response at 3).  Designs further

contends that plaintiffs' objections "are meritless," (Designs Response at 1), because, *inter alia*:

(1) "the materials that plaintiffs cite in support of their estoppel argument * * * refer to the tax

treatment of the plan under various sections of the IRC, not the applicability of ERISA to the

plan[,]" (id.); and (2) Magistrate Judge Brown determined that plaintiffs' "specific state law

claims *actually* conflict with and are preempted by ERISA, requiring dismissal," (id. at 4

(emphasis in original)).

        Plaintiffs raised the same argument that the BMET is not subject to preemption because it

was created under Section 419A(f)(6)(A) of the IRC to avoid ERISA regulation before Magistrate

Judge Brown, (see Report at 10), and assign no specific error, other than their mere disagreement,

to his implicit rejection of that argument and finding, *inter alia*, that the BMET constitutes an

employee welfare benefit plan under ERISA.  As correctly noted by Sonnenberg and Designs, the

issue of whether or not the BMET was tax qualified under the IRC is largely irrelevant to the

determination of whether it is subject to ERISA for all other purposes.  "An ERISA plan that is

not or may not be tax qualified nevertheless continues to be governed by ERISA for essentially

every other purpose."  Traina v. Sewell (In re Sewell), 180 F.3d 707, 711 (5th Cir. 1999).  In

other words, the tax qualification of an employee welfare benefit plan is irrelevant to the issue of

ERISA's applicability to the plan.  See, e.g. U.S. v. Wofford, 560 F.3d 341, 350 (5th Cir. 2009)

("[T]he fact that the Plan fails to remain tax qualified under the [IRC] does not mean that it is no

longer subject to any provision of Title I of ERISA."); McCarter v. Retirement Plan for Dist.

Managers of Am. Family Ins. Grp., 540 F.3d 649, 651 (7th Cir. 2008) (holding that there is "no

basis for thinking that only those pension plans eligible for tax benefits are lawful under

ERISA.")[4]

Moreover, Magistrate Judge Brown correctly found, *inter alia*, that the BMET is an employee welfare benefit plan under ERISA and that plaintiffs' state law claims actually conflict with, and, thus, are preempted by ERISA. Accordingly, so much of the Report as recommends that I grant the branches of the motions of Designs and Sonnenberg seeking dismissal of plaintiffs' state law claims in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the branch of the motion of Capital One for judgment on the pleadings dismissing plaintiffs' state law claims in the amended complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is accepted in its entirety and, for the reasons set forth herein and in the Report, plaintiffs' state law claims are dismissed in their entirety with prejudice as preempted by ERISA.

### 2. Designs's Objections

Designs contends that Magistrate Judge Brown erred in recommending that the branch of its motion seeking dismissal of plaintiffs' claim for breach of fiduciary duty against it be denied because, *inter alia*, his finding that Designs is a "named fiduciary" under the Plan "rests on plaintiffs' referral in the Amended Complaint to an irrelevant and inaccurate characterization of Designs' fiduciary status by Wiss * * *, an accounting firm, in its unaudited statement, prepared in 2013, of the [P]lan['s] cash flows (the 'Wiss Document[]')[.]" (Defendants Designs for

---

[4] Plaintiffs' estoppel argument is similarly without merit. In any event, "[i]t is unnecessary and undesirable to hold [a defendant] estopped from raising the defense of [ERISA] preemption [to a plaintiff's state law claims]." Gilbert v. Burlington Indus., Inc., 765 F.2d 320, 329 (2d Cir. 1985), summarily aff'd, 477 U.S. 901, 106 S. Ct. 3267, 91 L. Ed. 2d 558 (1986).

12

Finance, Inc's Objection to the Report and Recommendation ["Designs's Obj."], at 1). Designs

further contends, *inter alia*: (1) that Wiss's "misidentification" of Designs as a "named fiduciary"

under the Plan "directly contradicts the express terms of the [P]lans themselves[,]" (id. at 2); (2)

that the Wiss Document was "never authorized or intended to establish or alter the legal status of

the parties to the [P]lan[], but instead simply to compile a statement of cash receipts and

disbursements of the [P]lan[]," (id. [quotations and brackets omitted]); and (3) that "such *ex post*

statements, made by a third-party who is not involved in the creation, administration, or operation

of the [P]lan[], do not alter th[e] [P]lan['s] express terms and thus do not * * * support a finding

that plaintiffs have adequately stated a claim that Designs was a named fiduciary of the [P]lan[],"

(id.).

Plaintiffs contend, *inter alia*, that Designs's objection that it is not named as a fiduciary in

the Plan "is immaterial" because "there are numerous grounds upon which [Designs] might be

held liable to the Plan, either as a fiduciary or as a party in interest." ("Plaintiffs [sic] Rule 72(b)

Response to Objections by Defendants Capital One, N.A. and Designs for Finance, Inc. to

Magistrate Judge Brown's February 4, 2015 Report and Recommendation" [Plf. Response], ¶

30)[5]. According to plaintiffs, Designs "acted as, and [was] paid as [a] consultant[] to the Plan[,]"

---

[5]  To the extent plaintiffs raise additional arguments than set forth in their objections to
the Report, or expand upon the arguments raised in their objections to the Report, that are not, in
fact, responsive to Capital One's and Design's specific objections to the Report, I have not
considered those arguments, as they were waived by plaintiffs' failure to timely assert them in
their original objections, see Wagner & Wagner, LLP, 596 F.3d at 92 (2d Cir. 2010); Cephas, 328
F.3d at 107, and a party does not have a right to file a reply to another party's response to its
objections to a report and recommendation.  See Fed. R. Civ. P. 72(b)(2) (providing only for a
party's service and filing of written objections within fourteen [14] days after being served with a
report and recommendation and a party's response to another party's objections within fourteen
[14] days after being served with a copy thereof).

(id., ¶ 22), and, to the extent that the consulting services it provided to the Plan "possibly includ[ed] investment services, * * * [that] would [] render [it] a fiduciary[,]" (id., ¶ 23). Plaintiffs further contend, *inter alia*: (1) that "[e]ven if the [consulting] services did not constitute investment services, Designs would still be a fiduciary if he [sic] exercised any discretionary authority with respect to the Plan[,]" (id.); (2) that "since that issue has not been clarified, it would be premature to dismiss Designs from the case on the basis that it was only Plan Sponsor and hence not a fiduciary[,]" (id.; see also id., ¶ 26); and (3) that "Designs is potentially liable to the Plan, and plaintiffs, pursuant to its role as Sponsor," (Plf. Response, ¶ 27), because: (a) it "fail[ed] to appropriately monitor the activities of the Trustee, Capital One[,] and Record keeper, Pointe Benefit[,] who it had the authority to appoint and dismiss[,]" (id.); (b) it "creat[ed] the [] Plan without an amendment procedure, [in violation of] 29 U.S.C. § 1102(b)(3)[,]" (id., ¶ 28); and (c) it "[a]ct[ed] in conflict with the terms of [the BMET] by "participat[ing] in the amendment and (alleged) termination of the BMET[,]" (id., ¶ 29).

a.      "Named Fiduciary"

Initially, in their memorandum of law submitted in opposition to Designs's motion to dismiss, plaintiffs seemingly concede that Designs is not a "named fiduciary," (see Plaintiffs' Memorandum of Law ["Plf. Mem."] at 12 ["[T]he fact that Designs was not a named fiduciary in the Plan documents is irrelevant * * *"), and oppose the branch of Designs's motion seeking dismissal of their breach of fiduciary duty claim against it in the amended complaint on the basis that Designs is a *de facto* fiduciary.  (See id. at 11-16).

ERISA expressly provides that "the term 'named fiduciary' means a fiduciary who is

named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified

as a fiduciary (A) by a person who is an employer or employee organization with respect to the

plan or (B) by such an employer and such an employee organization acting jointly.  29 U.S.C. §

1102(a)(2).  Since, *inter alia*, it is undisputed that Designs was not named in the Plan instruments

and that Wiss, i.e., the only entity that identified Designs as a fiduciary, is not an employer or

employee organization with respect to the Plan, and there is no indication in the Wiss Document,

or anywhere else in the record, that Designs was identified as a fiduciary pursuant to any

procedure specified in the Plan, Magistrate Judge Brown's finding that Designs is a "named

fiduciary" of the Plan is respectfully rejected.


b.      *De Facto* Fiduciary

Since Magistrate Judge Brown found that the amended complaint plausibly alleged that

Designs was a "named fiduciary" under ERISA, he did not proceed to address the issue of

whether the amended complaint states a plausible claim that Designs is a *de facto* fiduciary, as

contended by plaintiffs.

"A fiduciary within the meaning of ERISA must be someone acting in the capacity of

manager, administrator, or financial advisor to a 'plan[.]'" Pegram v. Herdrich, 530 U.S. 211,

222, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000) (citing 29 U.S.C. §§ 1002(21)(A)(i)-(iii)).  "In

every case charging breach of ERISA fiduciary duty, [] the threshold question is not whether the

actions of some person employed to provide services under a plan adversely affected a plan

beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a

fiduciary function) when taking the action subject to complaint."  Id., at 226, 120 S. Ct. 2143;

15

accord <u>Coulter v. Morgan Stanley & Co., Inc.</u>, 753 F.3d 361, 366 (2d Cir. 2014).

"Even if not a named fiduciary, a person is a *de facto* fiduciary under ERISA 'to the extent' she, *inter alia*, (a) 'exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,' or (b) 'has any discretionary authority or discretionary responsibility in the administration of such plan.'" <u>Coulter</u>, 753 F.3d at 366 (quoting 29 U.S.C. §§ 1002(21)(A)). "[T]he discretionary act must be undertaken with respect to plan management or administration." <u>Id.</u> at 367. "In defining the scope of a fiduciary's duty under ERISA, courts have distinguished between fiduciary functions, which give rise to ERISA liability, and 'settlor' functions, which * * * do not trigger ERISA liability." <u>Id.</u> "Fiduciary functions include, for instance, the common transactions in dealing with a pool of assets: selecting investments, exchanging one instrument or asset for another, and so on." <u>Id.</u> (quotations and citation omitted). "'Settlor' functions, in contrast, include conduct such as establishing funding, *amending*, or terminating a plan." <u>Id.</u> (emphasis added). Accordingly, plaintiffs' allegation, *inter alia*, that Designs "had discretionary authority to amend [] the terms of the Plan to obtain favorable tax treatment for participating employers[,]" (Amended Complaint ["Amend. Compl."], ¶ 54; <u>see also</u> <u>id.</u>, ¶ 55), is insufficient as a matter of law to state a claim for breach of fiduciary duty under ERISA against Designs.

However, plaintiffs' allegations, *inter alia*, that Designs "had discretionary authority to retain or dismiss [the Trustee[6]] at will," and, thus, "had oversight responsibility" for the Plan,

_____

[6] Plaintiffs also allege that Designs had "discretionary authority to retain or dismiss at will" the Administrator and Record keeper, (Amend. Compl., ¶ 53), but that claim is belied by the Plan itself. The claim with respect to the Trustee, however, is supported by Section 7.4 of the

(Amend. Compl., ¶ 53; see also id., ¶ 55), are sufficient to defeat a motion to dismiss an ERISA breach of fiduciary claim at the pleadings stage.  Although "ERISA does not attach liability for investment decisions to fiduciaries whose roles were limited to appointing, retaining and removing other fiduciaries[,]" In re Polaroid ERISA Litig. ("Polaroid"), 362 F. Supp. 2d 461, 473 (S.D.N.Y. 2005), an allegation that a person or entity "exercised final decision-making authority regarding the Plan," id., is sufficient at the pleadings stage to state a claim that it was a de facto fiduciary under ERISA.  Thus, "[b]y virtue of its authority to appoint and remove the [Trustee], and [there]by effectively control[] the selection of [the Trustee], [Designs] * * * had * * * discretionary authority and control respecting management of the [Plan][] * * * [and, thus,] was a fiduciary with respect to the [Plan] within the meaning of ERISA[.]" Whitfield v. Tomasso, 682 F. Supp. 1287, 1305 (E.D.N.Y. 1988); see also Int'l Bhd. of Elec. Workers, Local 90 v. Nat'l Elec. Contractors Ass'n, No. 3:06-cv-2, 2008 WL 918481, at * 6 (D. Conn. Mar. 31, 2008) (finding that an entity that exercised authority and control over the appointment and removal of trustees to the plan was "certainly an ERISA fiduciary.")

Moreover, "[a]n appointing fiduciary's duty to monitor his appointees is well-established." Polaroid, 362 F. Supp. 2d at 477 (citing cases); see also In re American Express Co. ERISA Litig., 762 F. Supp. 2d 614, 630 (S.D.N.Y. 2010) ("Appointing fiduciaries have the duty to monitor the fiduciaries they appoint."); Bennett v. Manufacturers & Traders, No. 5:99-cv-827, 2005 WL 2896962, at * 7 (N.D.N.Y. Nov. 2, 2005) (finding that an individual "invested with the duty to appoint the trustees who managed the Plans[] * * * ha[s] the concomitant duty to

---

BMET, which  provides, in relevant part, that "[t]he Sponsor [Designs] shall have the power to remove the Trustee at any time, with or without cause, and to appoint a successor Trustee." (Declaration of Joshua L. Milrad in Support of Motion to Dismiss ["Milrad Decl."], Ex. C).

monitor those trustees.").  An appointing fiduciary is "not obliged to examine every action taken

by [the appointees], but . . . [is] obliged to take prudent and reasonable action to determine

whether the [appointees] were fulfilling their fiduciary obligations."  Polaroid, 362 F. Supp. 2d at

477 (quoting Leigh v. Engle, 727 F.2d 113, 135 (7th Cir. 1984)); see also Bennett, 2005 WL

2896962, at * 7 ("The 'limited' fiduciary obligations imposed on one who appoints trustees thus

includes the obligation to ensure that the appointees are performing their fiduciary obligations.")

Similarly, "[i]mplicit in th[e] power [to remove a trustee] is a fiduciary duty to supervise and/or

monitor the [t]rustee * * *."  Henry v. Champlain Enters., Inc., 288 F. Supp. 2d 202, 232

(N.D.N.Y. 2003); see also Int'l Bhd. of Elec. Workers, 2008 WL 918481, at * 7 ("The power to

appoint and remove trustees carries with it the concomitant duty to monitor those trustees'

performance." (quotations and citation omitted)).

      Furthermore, "[t]he duty to monitor carries with it * * * the duty to take action upon

discovery that the appointed fiduciaries are not performing properly."  Liss v. Smith, 991 F.

Supp. 278, 311 (S.D.N.Y. 1998); accord Int'l Bhd. of Elec. Workers, 2008 WL 918481, at * 7; In

re Bausch & Lomb Inc. ERISA Litig., No. 06-cv-6297, 2008 WL 5234281, at * 10 (W.D.N.Y.

Dec. 12, 2008).  "A failure to monitor appointees and to remove non-performing fiduciaries thus

renders the appointing fiduciary jointly and severally liable for the appointed fiduciaries'

breaches."  Liss, 991 F. Supp. at 311; accord Int'l Bhd. of Elec. Workers, 2008 WL 918481, at *

7.  Therefore, the amended complaint states a plausible claim for breach of fiduciary duty under

ERISA against Designs.  Accordingly, the branch of Designs's motion seeking dismissal of

plaintiffs' ERISA breach of fiduciary duty claims against it in the amended complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

3.     Capital One's Objections

Capital One contends, *inter alia*, that the Report: (1) "fails to properly apply the doctrine of *res judicata* to bar Plaintiffs' ERISA breach of fiduciary duty claim * * * because [a] Plaintiffs brought nearly identical claims in a prior state court action that was resolved more than six years ago[,] and [b] Plaintiffs could have pursued their claim regarding 'unauthorized expenses and fees' in their prior action[,]" (Defendant Capital One, N.A.'s Objections to Magistrate Judge Brown's February 4, 2015 Report and Recommendation ["Capital One Obj."] at 1; see also id. at 4-9); and (2) improperly "suggests that Plaintiffs have a viable breach of ERISA fiduciary duty claim based on allegations that Defendants improperly terminated the ERISA plan in which [they] participated[,] * * * [because] terminating an ERISA plan is not a fiduciary function[,]" (id. at 1, 9).


a.     *Res Judicata*

With respect to its *res judicata* argument, Capital One contends that Magistrate Judge Brown: (1) incorrectly found that it "ha[d] not established * * * that the [prior] action and the present action involve the same subject matter that could have been raised in the prior [] action[,]" (Capital One Obj. at 5); (2) overlooked "the overwhelming similarity between this action and [the prior action]," (id.), and the fact that plaintiffs' allegations in the prior action "center on the exact same subject matter as their current action– that Capital One allegedly mismanaged Plan funds in an unauthorized manner[,]" (id. at 7); and (3) erred in finding that it "did not sufficiently establish that Plaintiffs received account statements in [the prior action], * * * [because [a] [it] provided an affirmation from that action stating that account statements were,

in fact, provided to Plaintiffs[,]" (<u>id.</u> at 8), and [b], in any event, "[w]hether Plaintiffs actually received account statements in [the prior action] is immaterial," (<u>id.</u>), since plaintiffs do not even allege that the statements had been fraudulently concealed or were undiscoverable earlier with due diligence.  (<u>Id.</u> at 8-9).

Plaintiffs contend, *inter alia*: (1) that "Capital One does not even attempt to explain how *res judicata* can bar [their] current claim[] * * * concern[ing] the termination and winding up of the [Plan], including the final apportionment to [their] account of [Plan] assets, when those events did not even commence until 2013, six years after the dismissal of [their] prior lawsuit[,]" (Plf. Obj., ¶ 33 (italics added); <u>see also id.</u>, ¶¶ 34, 36); and (2) that "to the extent defendants [sic] breaches occurred following the prior case, they wouldn't be barred by *res judicata* * * *[,]" (<u>id.</u>, ¶ 36 (italics added)).

"The term *res judicata*, which means essentially that the matter in controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion."  <u>Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.</u>, — F.3d —, 2015 WL 774560, at * 3 (2d Cir. Feb. 25, 2015).  Capital One invokes the doctrine of claim preclusion, which "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  <u>U.S. v. Tohono O'Odham Nation</u>, — U.S. —, 131 S. Ct. 1723, 1730, 179 L. Ed. 2d 723 (2011) (quotations and citation omitted); <u>see also</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) (holding that pursuant to the doctrine of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.")  "The doctrine precludes not only litigation of claims raised and adjudicated in a

prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not." Marcel Fashions, — F.3d —, 2015 WL 774560, at *3; see also TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) ("Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (quotations and citation omitted)); EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 626 (2d Cir. 2007) (holding that claim preclusion "does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim.") In order to establish that a claim is barred under the doctrine of claim preclusion, the defendant must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Marcel Fashions, — F.3d —, 2015 WL 774560, at *4 (brackets omitted) (quoting TechnoMarine, 758 F.3d at 499); see also EDP Med., 480 F.3d at 624. Since no party challenges Magistrate Judge Brown's findings that the first two (2) elements are met in this case with respect to plaintiffs' claims against Capital One, and there is no clear error on the face of the Report with respect to those findings, those findings are accepted in their entirety. Thus, the only issue is whether Magistrate Judge Brown correctly found that Capital One has not established that the claims asserted against it in this action were, or could have been raised, in the prior action.

"The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring claims arising from the same

transaction." <u>Tohono O'Odham</u>, 131 S. Ct. at 1730 (quotations and citation omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." <u>L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.</u>, 198 F.3d 85, 88 (2d Cir. 1999); <u>accord</u> <u>Cieszkowska v. Gray Line N.Y.</u>, 295 F.3d 204, 205 (2d Cir. 2002). "Whether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." <u>TechnoMarine</u>, 758 F.3d at 499 (quotations and citation omitted). "To determine whether two actions arise from the same transaction or claim, [courts] consider whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." <u>Id.</u> (quotations and citation omitted). "For purposes of [claim preclusion], the scope of litigation is framed by the complaint at the time it is filed." <u>Proctor v. LeClaire</u>, 715 F.3d 402, 412 (2d Cir. 2013) (quotations, brackets and citation omitted).

Claim preclusion "applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." <u>L-Tec Elecs.</u>, 198 F.3d at 88 (quotations and citation omitted); <u>accord</u> <u>Adelphia Recovery Trust v. HSBC Bank USA, N.A. (In re Adelphia Recovery Trust)</u>, 634 F.3d 678, 695 (2d Cir. 2011); <u>Celli v. First Nat'l Bank of N. N.Y. (In re Layo)</u>, 460 F.3d 289, 292-93 (2d Cir. 2006). As the Wiss Document, upon which Magistrate Judge Brown relied, in part, in rejecting Capital One's *res judicata* defense, was only prepared in March 2013, (<u>see</u> Report at 17), years after the prior action ended, it clearly could not have been discovered earlier

22

with due diligence. Although Capital One essentially contends that plaintiffs could have discovered the same information from certain account statements provided to them in the prior action, its failure to provide those account statements on its motion precludes this Court from knowing the contents thereof. Accordingly, Magistrate Judge Brown correctly found that Capital One has not established that plaintiffs' claims against it in the amended complaint were, or could have been raised, in the prior action.

Moreover, "[c]laim preclusion does not bar a claim arising subsequent to a prior action even if the new claim is premised on facts representing a continuance of the same course of conduct." Marcel Fashions, — F.3d —, 2015 WL 774560, at * 4 (quotations and citation omitted); accord TechnoMarine, 758 F.3d at 499. "The prior judgment cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." TechnoMarine, 758 F.3d at 499 (quoting Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 327-28, 75 S. Ct. 865, 99 L. Ed. 2d 1122 (1955)); accord Marcel Fashions, — F.3d —, 2015 WL 774560. Moreover, "[i]f a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading under Rule 15(c) [of the Federal Rules of Civil Procedure] to assert a claim based on the subsequent conduct[,] * * * [b]ut [he] is not required to do so, and his election not to do so is not penalized by application of res judicata to bar a later suit on that subsequent conduct." TechnoMarine, 758 F.3d at 501 (quotations, brackets and citations omitted); accord Proctor, 715 F.3d at 412. Accordingly, the branch of Capital One's motion seeking dismissal of plaintiffs' ERISA breach of fiduciary claims against it in the amended complaint as barred by the doctrine of claim preclusion is denied.

b.    Termination of the Plan

Plaintiffs contend, *inter alia*, that Capital One's reliance upon <u>Lockheed Corp. v. Spink</u>,

517 U.S. 882, 889-90, 116 S. Ct. 1783, 135 L. Ed. 2d 153 (1996), to support its contention that it

cannot be liable for the termination of the Plan, "is mistaken," (<u>id.</u>, ¶ 37), because, unlike the plan

in <u>Lockheed</u>, the Plan in this case (a) did not have an amendment procedure, in purported

violation of 29 U.S.C. § 1102(b)(3), which is, itself, "a violation of defendants [sic] fiduciary

obligations * * *[,]" (<u>id.</u>, ¶¶ 38-39), and (b) "specifically did not permit the amendments and

termination that defendants enacted[] * * * [and, thus,] defendants, including Capital One, acted

in conflict with Plan documents, which is a breach of its fiduciary obligations under 29 U.S.C. §

1104(a)(1)(D)[,]" (<u>id.</u>, ¶ 39; <u>see</u> <u>also</u> <u>id.</u>, ¶¶ 40-41).  Moreover, according to plaintiffs, "[e]ven if

the termination of the Plan was not a breach of fiduciary obligations * * *, which it was, Capital

One still faces liability for breach of its fiduciary obligations for [] its other acts such as in

amending the Plan, acceding to the amendment of the Plan and/or with respect to the payment,

approval and/or receipt of unauthorized and/or excessive expenses and/or fees."  (<u>Id.</u>, ¶ 51).

In <u>Lockheed</u>, the Supreme Court held that "[p]lan sponsors who alter the terms of a plan

do not fall into the category of fiduciaries [under ERISA]."  <u>Id.</u>, 517 U.S. at 890, 116 S. Ct. 1783.

When "employers or other plan sponsors" undertake to adopt, modify or terminate an ERISA

plan, "they do not act as fiduciaries, * * * but are analogous to the settlors of a trust * * *."  <u>Id.</u>

(citations omitted).  As explained by the Court:

> "This rule is rooted in the text of ERISA's definition of fiduciary.  See 29 U.S.C. §
> 1002(21)(A) * * *.  [O]nly when fulfilling certain defined functions, including the
> exercise of discretionary authority or control over plan management or
> administration, does a person become a fiduciary under [ERISA].  * * * Because
> the defined functions in the definition of fiduciary do not include plan design, an
> employer may decide to amend an employee benefit plan without being subject to

fiduciary review."

Id. (quotations, brackets and citations omitted).  Thus, the act of amending or terminating a plan

does not trigger ERISA's fiduciary provisions.  See id. at 891, 116 S. Ct. 1783; see also Beck v.

PACE Int'l Union, 551 U.S. 96, 101-02, 127 S. Ct. 2310, 168 L. Ed. 2d 1 (2007) (holding that

"an employer's decision whether to terminate an ERISA plan is a settlor function immune from

ERISA's fiduciary obligations" and that "[d]ecisions regarding the form or structure of a plan are

generally settlor functions." (quotations and citation omitted)); Coulter, 753 F.3d at 366 (holding

that settlor functions including, *inter alia*, amending and terminating a plan "do not trigger

ERISA liability.")

    Thus, although Magistrate Judge Brown correctly found that the wrongful termination of

the BIET in April 2013 "cannot be barred by *res judicata* because it occurred after the

termination of [the prior] action," (Report at 17), he seemingly overlooked the fact that the

purported wrongful termination of the BIET does not state a plausible claim for breach of

fiduciary duty under ERISA as a matter of law.  See, e.g. Janese v. Fay, 692 F.3d 221, 225-27 (2d

Cir. 2012) (finding, *inter alia*, that Lockheed was applicable to multi-employer plans and

dismissing, *inter alia*, the breach of fiduciary claims against the Trustees on the basis that they

were not acting as fiduciaries when amending the plans); Cement & Concrete Workers Dist.

Council Pension Fund v. Ulico Cas. Co., 387 F. Supp. 2d 175, 186-87 (E.D.N.Y. 2005), aff'd on

other grounds, 199 F. App'x 29 (2d Cir. Sept. 25, 2006) (accord).  Accordingly, so much of the

Report as suggests that plaintiffs state a plausible claim for breach of fiduciary duty under ERISA

against Capital One based upon the allegedly wrongful termination of the BIET in April 2013 is

rejected and plaintiffs' ERISA breach of fiduciary claims based upon the purportedly wrongful

termination of the BIET are dismissed in their entirety with prejudice for failure to state a claim for relief.

II.     CONCLUSION

For the reasons set forth herein, so much of the Report as (a) finds that Designs is a "named fiduciary" to the Plans, and (b) suggests that plaintiffs state a plausible claim for breach of fiduciary duty under ERISA against Capital One based upon the allegedly wrongful termination of the BIET in April 2013 are rejected, but the Report is otherwise accepted in its entirety. For the reasons set forth herein and in the Report, the motions of Designs and Sonnenberg seeking dismissal of plaintiffs' claims against them in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the motion of Capital One for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, are granted to the extent that (a) plaintiffs' state law claims are dismissed in their entirety with prejudice as preempted by ERISA, (b) all of plaintiffs' claims against Sonnenberg and their "breach of contractual obligations under ERISA" claim against Designs and Capital One are dismissed in their entirety with prejudice for failure to state a claim for relief, and (c) plaintiffs' ERISA breach of fiduciary claims regarding the termination of the BIET in April 2013 are dismissed in their entirety with prejudice for failure to state a claim for relief, and the motions are otherwise denied. As discovery was stayed approximately two (2) months before the discovery deadline previously set during the initial conference before me on March 18, 2014 until the resolution of the instant motions, the parties shall have until May 26, 2015 to complete all

discovery in this matter.  Any dispositive motion shall be served by June 15, 2015, and shall be

filed in accordance with my individual rules on or before July 15, 2015.  The pretrial conference

scheduled to be held before me on May 18, 2015 is adjourned until October 8, 2015 at 11:15 a.m.

SO ORDERED.

_____/s/_____

SANDRA J. FEUERSTEIN
United States District Judge

Dated:  March 26, 2015
      Central Islip, New York